1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., | Case No. 2:13-cv-07228-ODW(AGRx) |
| Plaintiff, | **PATENT STANDING ORDER** |
| v. | |
| LUV N'CARE, LTD.; ADMAR INTERNATIONAL, INC., | |
| Defendants. | |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES APPLY TO ALL PATENT CASES ASSIGNED TO JUDGE OTIS D. WRIGHT, II. WHERE THESE RULES CONFLICT WITH RULES PROMULGATED ELSEWHERE, THIS DOCUMENT CONTROLS.**

**1.     Patent local rules**

The Court adopts the Patent Local Rules of the United States District Court for the Northern District of California, Revision 12/01/2009. Parties are expected to familiarize themselves with and closely adhere to these rules. A copy of the rules may be found under Judge Wright's Procedures and Schedules webpage and at http://www.cand.uscourts.gov/localrules.

/ / /

/ / /

/ / /

## 2. Patent case timeline

The timeline set forth in the Patent Local Rules represents the maximum lifecycle duration, not the typical. In most cases, the Court will issue a scheduling order that is less than the maximum lifecycle prescribed by the Patent Local Rules.

Further, the Court modifies Patent Local Rules 3-1 and 3-5 so that Infringement Contentions (or Invalidity Contentions), along with the required accompanying document production under Patent Local Rules 3-2 and 3-4, must be served on all parties not later than 14 days after the Initial Case Management Conference or the Court's scheduling order, whichever is earlier.

## 3. Motions for summary judgment

Prior to filing any summary-judgment motion, the parties must submit letter briefs requesting permission to file the motion. The opening letter brief must be no longer than 5 pages and filed electronically with the Court via CM/ECF as a "Request for Leave to File Motion for Summary Judgment." The letter brief must state the basis for the summary-judgment motion and reasons why the motion is not premature. Opposition letter briefs must be no longer than 5 pages and filed with the Court no later than 7 days after the opening letter brief. No reply letter briefs may be filed without the Court's permission. No hearing will be held unless otherwise ordered by the Court.

The Court typically sets the motion deadline for 8 weeks after the discovery cutoff. Because motions must be noticed 28 days before the hearing date under L.R. 6-1, and parties must have the Court's permission to file a summary-judgment motion, parties are advised to file their opening letter briefs well in advance of the motion cutoff.

The Court reminds counsel of their obligation to meet and confer prior to filing the letter briefs. *See* L.R. 7-3.

/ / /

/ / /

4.  *Markman* **claim construction hearing**

Parties must notice a *Markman* hearing (as a motion) according to the timeframe specified in the Patent Local Rules. *See* Patent L.R. 4-6. Failure to properly notice will result in delays, and sanctions may be imposed for failure to abide by the Court's scheduling order. To allow for sufficient discovery after the *Markman* hearing, the Court contemplates holding the *Markman* hearing sooner than the maximum allotted time of 199 days after the Initial Case Scheduling Conference under the Patent Local Rules. The Court will not entertain requests to continue the discovery cut-off date absent good cause. Thus, if parties desire more time for discovery after—rather than before—the *Markman* hearing, parties should take less than the maximum allotted time under Patent L.R. 3-1–3-5, 3-7, and 4-1–4-5.

The *Markman* hearing is scheduled for a maximum of 4 hours. Each side will have a maximum of 2 hours to present evidence and argument in support of its position. Subject to the Court's approval, parties will jointly agree to the format of the *Markman* hearing.

The claim construction briefs have the following page limits: 25 for opening and response, 12 for reply. Copies of all exhibits must be pre-marked, bound, and tabbed. In addition to memoranda, parties must collaborate and jointly submit the following: (1) Final Joint Claim Chart, which includes citations to intrinsic and extrinsic evidence—to be filed on the same day as the opening brief; (2) Joint Appendix of Extrinsic Evidence, which contains all extrinsic evidence relied upon in the claim construction briefing—to be filed on the same day as the reply brief.

If a party intends to present expert testimony at the *Markman* hearing, whether as a witness or by way of affidavit, a statement of the expert's qualifications must be submitted as an additional attachment to any memorandum submitted.

Each party must prepare three bound volumes of exhibits, one for the Court, one for opposing counsel, and one to be kept on the witness stand. The copies for the Court and opposing counsel must be delivered 7 days prior to the *Markman* hearing.

Parties are further reminded of the 10 term limit for construction. Patent L.R. 4-3(c). Failure to make a good faith effort to narrow the disputed terms may expose counsel to sanctions. Patent L.R. 4-7.

**5.    Tutorial**

The Court may request a tutorial on the subject matter of the patents-in-suit, to be conducted approximately 6 weeks prior to the *Markman* hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial. The length of the tutorial will be determined on a case by case basis. The tutorial must be conducted solely as an objective presentation of the technology at issue. Visual aids and demonstrative exhibits are strongly encouraged.

**6.    Discovery**

The Court expects the parties to resolve discovery issues by themselves in a courteous, reasonable, and professional manner. Unless otherwise directed, this Court will rule on all discovery motions and handle all discovery issues.

The Court's Scheduling Order states the discovery cut-off date for all discovery, both fact and expert. Expert discovery must be initiated so that it will be completed on or before the discovery cut-off date. If necessary, parties will, in good faith, stipulate to a fact discovery cut-off date.

Because patent cases tend to involve significant discovery concerning confidential documents, parties are encouraged to file a stipulated protective order as soon as possible. If one was not filed earlier, the Court requires parties to lodge a stipulated protective order along with the parties' joint scheduling conference report under Fed. R. Civ. P. 26(f), unless the parties deem such a protective order unnecessary in this case.

**7.    Patent file histories**

Concurrently with the parties' filing of the Joint Claim Construction and Prehearing Statement under Patent L.R. 4-3, patentees are required to provide the Court a certified copy of the patent file history for each asserted patent.

The patent file history must be printed double-sided and compiled in a 3-ring binder. Prior art references[1] should not be included in the paper copy. In addition to the paper copy of the patent file history, the patentee must submit an electronic copy on a CD-ROM or DVD. Each patent file history must be a single electronic file in PDF format. All prior art references must also be included on the CD-ROM or DVD, with each prior art reference appearing as a separate, identifiable PDF file. The patent file history and the associated CD-ROMs or DVDs should be sent directly to Judge Wright's chambers and not filed with the Clerk's office or via CM/ECF.

**8. Jury instructions and special jury verdict form**

Although not mandatory, the Court favors the adoption of the Model Patent Jury Instructions for the Northern District of California, Revision 11/03/2011. Further, prior to the pre-trial conference, the Court requires parties to file, among other documents, a proposed special jury verdict form substantially based on the Sample Verdict Form, Appendix C.3 of the Model Patent Jury Instructions for the Northern District of California, Revision 11/03/2011. A copy of the Model Patent Jury Instructions may be found under Judge Wright's Procedures and Schedules webpage and at http://www.cand.uscourts.gov/juryinstructions.

**IT IS SO ORDERED.**

October 8, 2013

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

Rev. 01-2013

---

[1] The documents listed under the "References Cited" section of the patent.