John Shaeffer (State Bar No. 138331)
jshaeffer@lathropgage.com
Jeffrey Grant (State Bar No. 218974)
jgrant@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067
Telephone:  (310) 784-4600
Fax:  (310) 784-4601

Petty Tsay Rader (State Bar No. 227563)
petty.rader@munchkin.com
MUNCHKIN, INC.
16689 Schoenborn Street
North Hills, CA  91343
Telephone:  (818) 893-5000
Fax:  (818) 893-6343

Attorneys for Plaintiff MUNCHKIN, INC.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation, | Case No. 13-cv-7228-ODW-AGR |
| | Honorable Otis D. Wright |
| Plaintiff, | |
| v. | **JOINT RULE 26(f) REPORT** |
| LUV N' CARE, LTD., a Louisiana corporation, and ADMAR INTERNATIONAL, INC., a Delaware Corporation, | **SCHEDULING CONFERENCE**<br>**Date:  January 27, 2014**<br>**Time:  1:30 p.m.**<br>**Courtroom: 11** |
| Defendants. | Date Action Filed:  September 30, 2013 |

Plaintiff Munchkin, Inc. ("Munchkin") and Defendants Luv n' care, Ltd. and Admar International, Inc. (collectively "LNC") hereby submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's standing Scheduling Conference Order.

## I. DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(f)

### A. Synopsis of Principal Issues

The parties are competitors in the infant and toddler products market. Munchkin's Complaint alleges a single claim for infringement of United States Patent Number 6,292,962 (the "'962 Patent") as a result of LNC's alleged making, using, selling, offering to sell and/or importing infant blankets with teethers/pacifiers and/or by indirectly infringing the '962 Patent.  In response, LNC has denied Munchkin's single claim and has asserted affirmative defenses of failure to state a claim, lack of jurisdiction, lack of standing, statute of limitations, lack of infringement, invalidity, unclean hands, inequitable conduct, laches equitable estoppel, collateral estoppel, waiver, acquiescence, and lack of damages.

### B. Initial Disclosures Pursuant to FRCP 26(a)(1)

The parties do not believe any changes to the disclosures ordered by FRCP 26(a)(1) are necessary.  The parties have agreed to exchange initial disclosures pursuant to FRCP 26(a)(1) on January 24, 2014.

### C. Subjects on Which Discovery May Be Needed

- The '962 Patent and its prosecution history and any associated prior art;
- LNC's accused product, including associated product development documents and sales figures;
- Documents in support of the parties' respective damages positions;
- Subjects identified in the Rule 26(a) disclosures of any of the parties to this Action;

- Issues identified by the parties' respective experts.

    **D.**   **Electronically Stored Information**

The parties have agreed that disclosure or discovery of electronically stored information (ESI) should be handled as follows:

> (i) Documents produced electronically shall be produced in either PDF or TIFF format.  Individual documents shall be produced as separate PDF or TIFF files and each file shall be OCR'd to the extent possible and individually bates labeled.  Whenever possible, the parties shall maintain all produced information in native format with accompanying metadata.  Should a party receiving production determine that it needs a document in native format, or that it needs additional metadata for a specific document, it shall notify the producing party of that fact and the parties shall meet and confer in good faith to resolve the request.  The parties further agree that they will meet and confer regarding any other electronic discovery disputes.
>
> The ESI shall be produced on DVDs.
>
> (ii) Discoverable documents existing in paper form (irrespective of whether it is claimed that duplicates exist in electronic form) shall be produced as paper copies, upon request, in the same size and color as the original.  In such instances, the production shall include

copies of file labels or other information, to the extent such information exists, that could assist in identifying how and where such documents were kept in the ordinary course of business.

(iii)   The parties are maintaining holds on the hard drives and servers of all persons and systems believed to have discoverable documents and shall preserve such holds pending the final judgment in this litigation.

**E.**   **Claims of Privilege and/or Protection**

The parties are meeting and conferring regarding a proposed protective order and will endeavor to submit an agreed-to form of order to the Court for consideration.

**G.**   **Limitations**

The parties do not believe any applicable limitations should be changed, nor do they believe any additional limitations should be imposed.  The parties agree that discovery will be conducted in fact and expert phases.

**H.**   **Proposed Case Schedule**

The parties propose the following deadlines for discovery in this case:

- Asserted Claims and Infringement Contentions and associated document production – February 10, 2014
- Invalidity contentions and associated document production – March 27, 2014
- Exchange proposed claim construction terms – April 10, 2014
- Exchange preliminary claim constructions and supporting references – May 1, 2014

3

- Joint Claim Construction and Prehearing Statement – May 26, 2014
- Close of claim construction discovery – June 25, 2014
- Opening claim construction briefs – July 10, 2014
- Claim construction response briefs – July 24, 2014
- Claim construction reply briefs – July 31, 2014
- Close of non-expert discovery –  October 31, 2014.
- Deadline for expert reports on topics on which submitting party bears the burden of proof –  November 21, 2014
- Deadline for rebuttal expert reports –  December 19, 2014
- Close of expert discovery –  January 23, 2015
- Last day for hearing of motions (other than motions *in limine*), including dispositive motions – March 9, 2015
- Proposed Pre-Trial Conference date – May 18, 2015
- Proposed Trial date – June 15, 2015
- Suggested length of trial – 4 days

### I.   <u>Dispositive Motions</u>

The parties each anticipate potentially filing summary judgment motions, but are not yet prepared to identify the specific topics to be covered in such motions.

### J.   <u>Settlement Discussions</u>

Counsel for the parties have briefly discussed settlement of this matter, as well as two other ongoing litigations between the parties, *Luv N' Care, Ltd., et al. v. Munchkin, Inc.*, Case No. 2:12-cv-00228-SAS in the United States District Court for the Southern District of New York and *Munchkin, Inc. v. Luv N' Care, Ltd, et al.*, Case No. 2:13-cv-06787-JEM in the United States District Court for the Central District of California.  The parties have also discussed a settlement mechanism pursuant to Local Rule 16-15, *et seq*. and agree that they will ask the

Court to appoint a Magistrate Judge to act as mediator for these matters at the appropriate time.

### K. **Trial by Jury**

The Parties agree that trial will be by jury.

### L. **Additional Issues**

- The Parties agreed that this is not a complex case.
- The Parties do not anticipate adding any additional parties to this case.
- The Parties do not currently anticipate any need to amend the pleadings.
- The dates proposed herein by the Parties reflect accommodation for the dates recently set for the other litigation between the parties that is currently pending in the Central District of California before Magistrate Judge McDermott. The Parties are not aware of any other issue affecting the status or management of the case.
- The parties agree that no unusual legal issues are presented by this case.
- The parties do not believe that severance, bifurcation or any other proposal for ordering proof is appropriate for this case.

Dated: January 13, 2014            LATHROP & GAGE LLP

                                   By: /s/ Jeffrey Grant
                                   R. Cameron Garrison
                                   John Shaeffer
                                   Jeffrey Grant
                                   Petty Tsay Radar
                                   Attorneys for Plaintiff
                                   MUNCHKIN, INC.

5

**JOINT RULE 26(f) REPORT**

Dated: January 13, 2014          PAYNE & FEARS LLP

By: /s/ Eric Kennedy _____
Eric Kennedy
Attorneys for Defendants
LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-4.3.4, I hereby attest that concurrence has been obtained from Eric Kennedy, counsel for Defendants, indicated by a "conformed" signature (/s/) within this e-filed document.

By: /s/ Jeffrey Grant _____
Jeffrey Grant

**JOINT RULE 26(f) REPORT**