John Shaeffer (State Bar No. 138331)
jshaeffer@lathropgage.com
Jeffrey Grant (State Bar No. 218974)
jgrant@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 784-4600
Fax: (310) 784-4601

Petty Tsay Rader (State Bar No. 227563)
petty.rader@munchkin.com
MUNCHKIN, INC.
16689 Schoenborn Street
North Hills, CA 91343
Telephone: (818) 893-5000
Fax: (818) 893-6343

Attorneys for Plaintiff MUNCHKIN, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUV N' CARE, LTD., a Louisiana corporation, and<br><br>ADMAR INTERNATIONAL, INC., a Delaware corporation.<br><br>Defendants. | Case No. 13-cv-7228-ODW-AGR<br><br>**PLAINTIFF'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT TESTIMONY BY N. HAKIM**<br><br>Honorable Otis D. Wright II<br>Motion Hearing Date: February 2, 2015<br>Motion Hearing Time: 1:30 p.m.<br><br>Action Filed:         September 30, 2013<br>Discovery Cut-Off: December 1, 2014<br>Trial:                      March 3, 2015 |

# SUGGESTIONS IN SUPPORT

## I. INTRODUCTION

On the last business day before the close of discovery, and 51 days after the deadline for submission of opening expert reports, Defendants Luv n' care, Ltd. and Admar International, Inc.'s (collectively, "LNC") Chief Executive Officer Nouri Hakim announced for the first time, during his deposition, that he intended to offer expert opinion testimony at trial regarding the alleged invalidity of the patent-in-suit. To date, LNC has still not provided a disclosure pursuant to FRCP 26(a)(2) regarding Mr. Hakim's supposedly expert opinions.

LNC and Mr. Hakim's actions violate both the letter and spirit of Rule 26's disclosure requirements. This issue is part of a broader scheme by LNC to sandbag Plaintiff Munchkin, Inc. ("Munchkin") at the 11th hour (and later) with discovery that should have been produced many, many months ago, as is also reflected in Munchkin's concurrently filed Motion to Exclude Late Disclosed Witnesses and Evidence. The sole remedy for LNC's actions here is clear: Mr. Hakim should be precluded from offering any opinion testimony of any kind at trial. In addition, due to LNC's complete lack of justification for such a clear violation of Rule 26, Munchkin respectfully requests that it also be awarded its costs and attorneys fees incurred in bringing this motion, which Munchkin should never have had to file.

## II. FACTUAL BACKGROUND

In its January 15, 2014 Scheduling and Case Management Order (Docket No. 21), the Court set October 6, 2014 as the deadline for parties to serve opening expert disclosures on issues for which the party bears the burden of proof. When that deadline arrived nearly nine months later, LNC served a single expert report – a report by a patent attorney named Edward Manzo addressing patent office practice

- 1 -

and procedure related to the patent-in-suit (U.S. Patent No. 6,292,962 (the "'962 Patent")). Declaration of R. Cameron Garrison ("Garrison Decl."), ¶ 2. No disclosure regarding Mr. Hakim was served by LNC at that time, nor has any such disclosure been served by LNC after the October 6 deadline. Garrison Decl., ¶ 3. In short, LNC has never made any disclosure pursuant to FRCP 26(a)(2) regarding any proposed expert testimony by Mr. Hakim. *Id.*

Nevertheless, at his November 26, 2014, Mr. Hakim indicated repeatedly, for the first time, that he intended to offer opinion testimony in this matter. For instance, based on a response given by Mr. Hakim regarding an alleged prior art reference produced by Mr. Hakim for the first time on the morning of his deposition, the following exchange occurred:

> Q: Is it your intent to offer your opinions in this suit regarding the impact of the drawings depicted in 'Exhibit 26' on the validity of the Munchkin patent?
>
> A: Yes.

Garrison Decl., Ex. A, p. 15, l. 11-15. Shortly thereafter, the following exchange occurred:

> Q: Mr. Hakim, are you planning on offering any opinions in any way regarding the validity of the patent in suit?
>
> A: Yes
>
> Q: Okay.
>
> A: In my opinion, the patent's invalid.

Garrison Decl., Ex. A, p. 17, ll. 11-16. These were just two of several instances in which Mr. Hakim indicated his intent to offer opinion testimony regarding the validity of the patent-in-suit. *See also*, Garrison Decl., Ex. A, p. 18, ll. 3-6, p. 20, ll. 12-18, p. 27, ll. 12-17, p. 52, ll. 2-20.

The next business day following this deposition, counsel for Munchkin sent a letter to counsel for LNC setting forth Munchkin's concerns regarding Mr. Hakim's newly-declared intentions and requesting a meet-and-confer on this issue. Garrison Decl., Ex. B, pp. 2-3. In that letter, Munchkin requested that LNC enter into a stipulation making clear that Mr. Hakim would not offer any opinion testimony at trial. *Id.*, p. 3. On December 5, 2014, the parties participated in a meet-and-confer telephone conversation between Cameron Garrison, counsel for Munchkin, and Hartwell Morse, counsel for LNC. Garrison Decl., ¶ 6. During that call, Mr. Morse indicated a willingness to consider a stipulation as proposed by Munchkin.

Later the same day, Mr. Garrison emailed a draft stipulation to Mr. Morse. Garrison Decl., Ex. C. The draft stipulation proposed an agreement that, *inter alia*, Mr. Hakim (1) would only testify as a fact witness, (2) would not seek to be qualified as an expert at trial for any purpose, and (3) would not offer opinion testimony on any issue, including the alleged invalidity of the patent-in-suit, as a lay witness, an expert witness, or otherwise. *Id.* Mr. Morse responded via letter on December 8, 2014 and rejected Munchkin's proposed stipulation, noting specifically that "Defendants are not willing to stipulate that Mr. Hakim will 'not seek to be qualified as an expert' and/or 'will not offer any opinion testimony on any issue….'" Garrison Decl., Ex. D, p. 6. This motion follows these meet and confer efforts.

## III. ARGUMENT AND AUTHORITY

### A. Mr. Hakim Should Be Precluded From Offering Expert Testimony Pursuant To FRE 702.

Under Fed R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Expert witnesses retained or specifically employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony must prepare and produce a report meeting the requirements of Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(B). For witnesses not required to prepare and produce such a report, parties must comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).[1] Fed. R. Civ. P. 26(a)(2)(D) allows the trial court to set the deadline for such disclosures and, in this case, the Court's Scheduling and Case Management Order (Doc. 21) set October 6, 2014 as the deadline for making such disclosures on issues upon which parties bear the burden of proof.

Fed. R. Civ. P. 37(c)(1) sets the sanction for a failure to comply with these disclosure requirements as exclusion of the proposed expert testimony:

> Parties must make [expert disclosures pursuant to FRCP 26(a)(2)] at the time and in the sequence that the court orders. Rule 37 gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. Rule 37(c)(1) is a self-

---

[1] Due to LNC's failure to make any disclosures regarding Mr. Hakim's proposed testimony, it is unclear whether Mr. Hakim regularly provides expert testimony on behalf of LNC and thus is also unclear whether his disclosure requirements fall within FRCP 26(a)(2)(B) or (C). However, the result of LNC's failure to disclose is the same regardless of which sub-section applies.

executing, automatic sanction designed to provide a strong inducement for disclosure. The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless.

*Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

Here, it is undisputed that as of the date of this filing, three months after the deadline imposed by the Court for disclosure of experts on issues upon which a party bears the burden of proof[2], LNC had not produced a report pursuant to FRCP 26(a)(2)(B) or a disclosure pursuant to FRCP 26(a)(2)(C) regarding Mr. Hakim's proposed expert testimony. As a result, Rule 37(c)(1)'s exclusionary sanction is automatic and self-executing.

Neither of the limited exceptions to exclusion apply here. Through the meet and confer efforts on this issue, LNC has failed to offer any justification for its failure to disclose, let alone substantial justification. Indeed, LNC has approached this issue as if it has done nothing wrong at all – as evidenced by the fact that it has still not made a Rule 26(a)(2) disclosure from Mr. Hakim even a month after he first disclosed at his deposition his intent to offer expert testimony. Given the fact that LNC has offered no justification, there certainly cannot be substantial justification for LNC's failure to disclose its own Chief Executive Officer's intent to offer expert testimony in this matter.

Nor can LNC's failure be classified as harmless. As a result of LNC's failure to timely disclose Mr. Hakim as an expert, Munchkin was unable take any discovery on his supposed expert testimony. Munchkin was also unable to

---

[2] The burden of proving a patent is invalid rests on the accused infringer. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1322 (Fed. Cir. 2013).

designate a rebuttal expert to address Mr. Hakim' supposed expert testimony. And Munchkin was unable to take Mr. Hakim's supposed expert testimony into account as it was establishing its litigation strategy. Trial begins March 3, 2015 – less than two months from filing of this motion – and the parties are scheduled to begin exchanging drafts of major pre-trial submissions on January 12, 2015 – a week after the filing of this motion. Allowing LNC to disclose Mr. Hakim as an expert at this late date would almost certain cause a delay of trial, which would prejudice Munchkin by allowing the infringement to continue and damages to continue to occur. There is nothing harmless about the impact to Munchkin of LNC's failure to timely disclose Mr. Hakim.

The proper sanction for LNC's failure to timely disclose Mr. Hakim as an expert is clear: Mr. Hakim must be precluded from offering any expert testimony at trial.

### B. Mr. Hakim's Proposed Testimony Should Not Be Allowed Under FRE 701.

Likely because they know that the failure to properly disclose Mr. Hakim is fatal to the ability to have him testify under Federal Rule of Evidence 702, LNC has also indicated an intent to have him testify regarding the invalidity of the '962 Patent under Federal Rule of Evidence 701.[3] LNC should not, however, be allowed

---

[3] LNC's position on the FRE 701 vs. FRE 702 issue is ambiguous, at best. Mr. Morse's December 8, 2014 letter indicates LNC's intent to have Mr. Hakim "offer testimony in the form of an opinion pursuant to Fed. R. Evid. 701," a rule which contemplates only non-expert opinion testimony. Fed. R. Evid. 701 ("If a witness is not testifying as an expert.."). Yet the same letter states that Defendants will not agree to stipulate "that Mr. Hakim will not seek to be qualified as an expert," and that Defendants will not agree to a stipulation "stating unequivocally that Mr. Hakim will not attempt to offer any supposedly expert testimony" at trial. Garrison Decl., Ex. D, p. 6.

to circumvent FRCP 26(a)(2)'s disclosure requirements by miscasting Mr. Hakim's testimony as non-expert testimony subject to FRE 701.

Rule 701 allows for non-expert opinion testimony if such testimony is (1) rationally based on the witness' perception, (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (3) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. The third prong of this test is in place to ensure "that a party will not evade the expert witness disclosure requirements set forth in FRCP 26…by simply calling an expert witness in the guise of a lay person." *Cook v. Rockwell Intern. Corp.*, 233 F.R.D. 598, 601 (D. Colo. 2005), quoting Fed. R. Evid. 701 Adv Comm. Notes (2000 Am.). "The distinction between lay and expert witnesses is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Id.*

Here, there is little question that the testimony Mr. Hakim proposes to offer does not qualify as information resulting "from a process of reasoning familiar in everyday life." Counsel for LNC has identified three areas in which Mr. Hakim intends to offer opinion testimony: "(1) the level of skill in the art, (2) the scope and content of the prior art, and (3) any secondary consideration including but not limited to commercial success and near contemporaneous invention." Garrison Decl., Ex. D, p. 6. It is difficult to imagine how LNC can even argue that these topics, all of which on their face require a high level of industry-specific skill, fall within lay testimony "from a process of reasoning familiar in everyday life," as opposed to "reasoning which can be mastered only by specialists in the field." Mr. Hakim himself appears to agree that specialized knowledge is necessary, as is shown by his responses at his deposition when he first indicated his intent to offer opinion testimony:

> Q: And do you believe that you are qualified to offer such opinions?
>
> A: Not only, I think I'm the best inventor in the industry.
>
> Q: Okay. So can you explain the qualifications that you intend to rely on as a basis for offering such opinions?
>
> A: Well, I've been – I'm sixty-five. I started in this business when I was seventeen, sixteen, seventeen. I started my company when I was eighteen. And the only way that we got in this industry is through research and development and innovation. And I've been innovating since the beginning…

Garrison Decl., Ex. A, pp. 15:16-16:2. Mr. Hakim clearly believes that it is long history of experience in the industry that qualifies him to offer the opinions he intends to offer.

Mr. Hakim's proposed opinion testimony is expert testimony based on scientific, technical or other specialized knowledge within the scope of FRE 702. LNC should not be allowed to circumvent its associated disclosure requirements by simply miscasting Mr. Hakim as offering lay opinions as allowed under FRE 701.

### C. Munchkin Is Entitled to Its Costs and Fees for Having to Bring This Motion.

When a party fails to make a disclosure pursuant to FRCP 26(a), a court has the discretion to award, *inter alia*, the repayment of reasonable expenses, including attorneys fees, caused by the failure. Fed. R. Civ. P. 37(a)(1)(A). *See also*, *Hoffman v. Construction Protective Services, Inc.*, 541F.3d 1175 (9th Cir. 2008)(confirming award of fees and costs for failure to timely disclose expert

witnesses), *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

Here, an award of fees and costs is appropriate because of LNC's insistence on forcing Munchkin to bring this motion. As detailed above, it is undisputed that LNC failed to properly disclose Mr. Hakim as an expert under FRCP 26(a)(2). As such, it should be equally undisputed that Mr. Hakim cannot offer testimony under FRE 702. And LNC's attempts to circumvent its failure to disclose by insisting that Mr. Hakim can offer invalidity testimony as a lay person under FRE 701 does not survive even the most basic of scrutiny. Munchkin respectfully suggests that it is entitled to its fees and costs for having to bring this motion on what is such a unmistakable issue.

### III. CONCLUSION

LNC failed to provide a proper disclosure of Mr. Hakim's under FRCP 26(a)(2), and there can be no question that the opinion testimony Mr. Hakim intends to offer is one which requires "scientific, technical or other specialized knowledge within the scope of Rule 702." As such, LNC must be precluded from offering such testimony trial.

Dated: January 5, 2015            **LATHROP & GAGE LLP**

                                  s/R. Cameron Garrison
                                  R. Cameron Garrison

                                  *Attorneys for MUNCHKIN, INC..*

- 9 -
MUNCHKIN, INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT TESTIMONY OF N. HAKIM

23287111v1