O

# United States District Court
# Central District of California

| | |
|---|---|
| MUNCHKIN, INC., | Case No. 2:13-cv-07228-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S** |
| LUV N' CARE, LTD.; ADMAR INTERNATIONAL, INC., | **MOTION TO EXCLUDE EXPERT TESTIMONY BY N. HAKIM [73]** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Munchkin, Inc. moves to exclude expert testimony by Defendants Luv N' Care, Ltd. and Admar International, Inc. (collectively, "LNC" or "Defendants") Chief Executive Officer Nouri Hakim. Plaintiff argues that Mr. Hakim was never disclosed as an expert witness and therefore is unable to offer expert opinion testimony at trial regarding invalidity of the patent-in-suit. For the reasons discussed below, the Court finds that Mr. Hakim can only provide lay testimony complying with Fed. R. Evid. 701 during trial and therefore **GRANTS** Plaintiff's Motion.[1] (ECF No. 73.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff initiated this infringement action against Defendants on September 30, 2013. (Compl., ECF No.1.) U.S. Patent No. 6,292,962 (the '962 Patent) is directed to an infant blanket with teether/pacifier attached at the corners.

On January 15, 2014, the Court issued a Scheduling and Case Management Order (ECF No. 21) setting October 6, 2014 as the deadline for parties to serve opening expert disclosures on issues for which the party bears the burden of proof. When the deadline arrived, Defendants served a single expert report by a patent attorney named Edward Manzo addressing patent office practice and procedure related to the '962 Patent. (Mot. 1–2.) Defendants served no disclosure regarding Mr. Hakim at that time, nor have Defendants served any disclosure after the October 6th deadline. (Mot. 2.)

At Mr. Hakim's deposition on November 26, 2014, Mr. Hakim indicated that he intended to offer opinion testimony regarding the validity of the '962 Patent. (*See, e.g.,* Garrison Decl., Ex. A at 17:11–16 ("Q: Mr. Hakim, are you planning on offering any opinions in any way regarding the validity of the patent in suit? A: Yes . . .").)

On December 5, 2014, the parties participated in a meet-and-confer telephone conversation regarding a stipulation as to what Mr. Hakim will testify to at trial. (Mot. 3.) The draft stipulation proposed an agreement that Mr. Hakim (1) would only testify as a fact witness, (2) would not seek to be qualified as an expert at trial for any purpose, and (3) would not offer opinion testimony on any issue, including the alleged invalidity of the patent-in-suit, as a lay witness, an expert witness, or otherwise. (Garrison Decl., Ex. C.) Defendants responded on December 8, 2014 and rejected Plaintiff's proposed stipulation, noting specifically that "Defendants are not willing to stipulate that Mr. Hakim will 'not seek to be qualified as an expert' and/or 'will not offer any opinion testimony on any issue….'" (Garrison Decl., Ex. D, p. 6.)

Following those meet and confer efforts, Plaintiff filed this present motion on January 5, 2015. (ECF Nos. 73, 74.) Defendants timely opposed and Plaintiff replied.

(ECF Nos. 84, 85.) That motion is now before the Court for consideration.

## III. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 26 and 37

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party is required to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). Further, under Rule 26(a)(2)(B):

> [The] disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

Under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

### B. Federal Rules of Evidence 701 and 702

If a witness renders an opinion as a lay witness, that opinion must comply with Federal Rule of Evidence 701, which states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences

which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Pursuant to Rule 702:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Thus, under Rule 701, any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Federal Rules of Civil Procedure. This "eliminate[s] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Advisory Committee Notes to 2000 Amendment. Since it is possible for the same witness to provide both lay and expert testimony in a single case, however, the Court is required to distinguish between expert and lay testimony, not just expert and lay witnesses. *Id*.

## IV. DISCUSSION

With respect to the instant Motion, neither party disputes that Mr. Hakim was not disclosed as an expert witness and that Mr. Hakim has not submitted an expert report. Further, neither party disputes that, since Mr. Hakim was not disclosed as an expert, any testimony falling within the ambit of Rule 702 must be excluded. The

dispute therefore centers upon whether Mr. Hakim's potential testimony on issues regarding invalidity complies with Rule 701.

Defendants argue that Mr. Hakim can offer opinion testimony on (1) the level of skill in the art, (2) the scope and content of the prior art, and (3) any secondary considerations including but not limited to commercial success and near contemporaneous invention. (Opp'n 1.) The basis of Defendants' argument is that while the ultimate question of validity is one of law, obviousness under 35 U.S.C. § 103 requires factual inquiries. *Id*. Further, Defendants argue that Mr. Hakim has nearly 50 years of experience in the field of baby-products and holds several United States patents and therefore has personal knowledge of the topics he plans on testifying about.

Regardless of Mr. Hakim's vast experience, he cannot provide expert testimony because Defendants failed to disclose him under FRCP 26(a)(2)(A). While courts regularly allow lay witnesses to testify with regard to their personal knowledge of a particular invention or piece of prior art, the mandate of Rule 701 is clear. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc*., No. 597, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006). Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Id*. (quoting *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002)). Accordingly, Mr. Hakim cannot testify on any issues regarding invalidity, which includes the level of skill in the art, the scope and content of the prior art, and any secondary considerations. *See Marine Polymer Technologies, Inc. v. HemCon, Inc*., CIV. 06–CV–100–JD, 2009 WL 801826, at *5 (D.N.H. Mar. 24, 2009) ("A witness's testimony about the obviousness of an invention, in patent litigation, however, requires highly technical and specialized knowledge that is beyond the scope of Rule 701.") (quotations and citation omitted); *see also Fresenius*, 2006 WL 1330002, at *3 (barring lay witness testimony comparing prior art to patent at issue); *Gart v. Logitech, Inc*., 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003) ("[W]hen the

declarants compare the [prior art] to the [ ] Patent [at issue], they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses."). Mr. Hakim may only provide lay testimony based upon his personal observations and knowledge as a result of his position at Luv N' Care. *See Interwoven, Inc. v. Vertical Computer Sys.*, No. CV 10-04645 RS, 2013 WL 3786633, at *11 (N.D. Cal. July 18, 2013).

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Motion to Exclude Expert Testimony by Mr. Hakim.

**IT IS SO ORDERED.**

February 24, 2015

_____
 **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**