O

# United States District Court
# Central District of California

| | |
|---|---|
| MUNCHKIN, INC., | Case No. 2:13-cv-07228-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE LATE-DISCLOSED WITNESSES AND EVIDENCE [76]** |
| LUV N' CARE, LTD.; ADMAR INTERNATIONAL, INC., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Munchkin, Inc. moves to exclude late disclosed witnesses and evidence by Defendants Luv N' Care, Ltd. and Admar International, Inc. (collectively, "LNC" or "Defendants"). Plaintiff argues that Defendants provide no justification for violating Federal Rule of Civil Procedure 26(a) and (e). For the reasons discussed below, the Court finds that Defendants' failure to disclose witnesses and evidence was not substantially justified or harmless and therefore **GRANTS** Plaintiff's Motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff initiated this infringement action against Defendants on September 30, 2013. (Compl., ECF No.1.) U.S. Patent No. 6,292,962 (the '962 Patent) is directed to an infant blanket with teether/pacifier attached at the corners.

On January 15, 2014, the Court issued a Scheduling and Case Management Order setting October 6, 2014 as the deadline for expert reports and December 1, 2014 as the close of discovery. (ECF No. 21.) The following disclosures are in dispute:

1. On November 25, 2014, three catalogues. (Garrison Decl., Ex. A.)
2. On November 26, 2014, three witnesses for trial: Mohammad Y. Al-Aali, President of Al-Hilal Trading Co., who is located in Saudi Arabia; Fredd Goldszmidt, the CEO of ALGOL, located in Miami Beach, Florida; and Francois De Vriendt, President of New Valmar–Belgium, located in Belgium. (*Id*. Ex. B.)
3. On Decemeber 1, 2014, declarations from the disclosed witnesses above. (*Id*. Ex. C.)
4. On November 26, 2014 at Nouri Hakim's deposition, several drawings that Mr. Hakim testified that he located in his desk. (*Id*. Exs. D, E.)
5. On November 30, 2014, photos publicly available on Google Images. (*Id*. Ex. A.)
6. On December 19, 2014, four catalogue pages, which were discovered by LNC's President of International Sales "in the process of cleaning out his garage." (*Id*. Ex. F.)
7. On December 24, 2014, an email dated June 24, 1996. (*Id*. Ex. G.)
8. On December 29, 2014, Defendant's Second Supplemental Initial Disclosures Pursuant to FRCP 26(a)(1). (*Id*. Ex. H.) These disclosures disclosed for the first time Defendants' intent to rely on testimony from LNC's President of International Sales and Nathan Shamosh. Mr. Shamosh is a sales broker who does all or nearly all of his for LNC.

9. On January 8, 2015, three pages of documents "just discovered" by one of LNC's overseas sales representatives. (*Id.* Ex. N.)

10. On January 14, 2015, a new "Second Supplemental Expert Report of Edward Manzo." (*Id.* Ex. O.)

Plaintiff filed this present motion on January 5, 2015. (ECF Nos. 76, 77.) Defendants timely opposed and Plaintiff replied. (ECF Nos. 82, 86.) That motion is now before the Court for consideration.

## III. LEGAL STANDARD

Federal Rules of Civil Procedure 26(a)(1) requires that a party must, without awaiting a discovery request, provide the other parties: (A) the identity of potential witnesses and the purpose for which they may be called, and (B) a copy of all documents that the disclosing party may use to support its claims. Rule 26(e)(1) further provides that a party has a duty to supplement its initial disclosures and answers to interrogatories when previous disclosures are incorrect or incomplete.

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). The Rule 37 enforcement provision adopted in 1993 was intended as a "broadening of the sanctioning power," creating an "automatic sanction" and "provid[ing] a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The withholding party may avoid a Rule 37 sanction by showing that the failure to disclose was either harmless or substantially justified. *Id.*

## IV. DISCUSSION

As an initial matter, although some of the evidence and witnesses at issue were disclosed technically before the December 1, 2014 discovery deadline, the Court still finds these disclosures to be late. The disclosures were made on November 25 and 26, 2014, a few days before Thanksgiving. Disclosing so late still left Plaintiff no ability

to investigate the disclosed documents by deposing witnesses or by other means of discovery. Having found that the Defendants did not timely meet their disclosure requirements, the Court turns to whether Defendants' failure to disclose is harmless or substantially justified.

In assessing whether the late disclosure was substantially justified or harmless, courts look to five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Dey L.P.v. Ivas Pharms., Inc*., 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing to *Southern States Rack & Fixture, Inc. v. SherwinWilliams Co*., 318 F.3d 592 (4th Cir. 2003)).

The first factor weighs in favor of Plaintiffs. Defendants argue that they disclosed the existence of this evidence in their June 2014 interrogatory responses. The disclosure that Defendants point to is not specific and actually indicates that Defendants no longer posses any evidence. (*See, e.g*., Morse Decl. ¶ 3, Ex. 1 at p. 21 ("Due to the loss of records, including complete sales data from LNC's legacy computer data and loss of documentary evidence, it is uncertain when LNC first sold the Clown Bib . . .").) If anything, Plaintiff should be more surprised since Defendants had told them that no sales evidence exists. Further, the fact that Defendants disclosed the existence of these two products early during discovery proves too much. If Defendants knew that this evidence was crucial to their invalidity defense, they should have been diligently looking for this evidence since at least June 2014.

The second factor also weighs in favor of excluding the late-produced evidence and late-disclosed witnesses. The trial is scheduled for March 3, 2015, which means, given the holidays, Plaintiff only had approximately two months to depose witnesses and gather evidence to rebut Defendants' evidence. If the evidence is not excluded,

4

Plaintiff would have to reengage in discovery and evidence collection rather than prepare for a fast approaching trial. Defendants argue that they attempted to alleviate any harm by offering to schedule depositions for Freddy Goldszmidt, Francois De Vriendt, and Mohammad Al-Aali at their own expense, but Plaintiff refused their offer. (Opp'n 12.) Defendants seem to overlook that making witnesses available for depositions still does not address finding time for Plaintiffs to prepare and take those depositions, while at the same time preparing for trial. These witnesses are scattered all over the world, making travel time and expense burdensome. Further, these new depositions and evidence may require Plaintiff to re-depose other witnesses. Significantly, since Defendants admit that these disclosures are critical to their invalidity case, supplemental export reports and additional expert depositions will likely have to take place. Therefore, making the late-disclosed witnesses available for depositions does not cure the surprise to Plaintiff.

The third factor—the likelihood that introduction of evidence will disrupt the trial—weighs in favor of preclusion. The trial date is imminent. In order for Plaintiff to have an opportunity to depose witnesses, pursue follow-up discovery, and reevaluate its trial strategy, the trial will have to be delayed.

The fourth factor—the importance of evidence—weighs against preclusion. The new evidence is related to Defendants' invalidity defense and Defendants argue that the evidence is "central" to their defense. (Opp'n 16.)

Lastly, the fifth factor weighs strongly in favor of exclusion. Defendants provide no persuasive explanation for the late disclosures. Instead, Defendants repeat the fact that the evidence is from more than twelve years ago and therefore difficult to obtain. Defendants try to blame Plaintiff for their difficulty by accusing Plaintiff of filing their Complaint too late. As a general matter, litigants frequently have to find prior art evidence from many years ago. Defendants' position is not unique. Also, if Defendants knew it would be difficult to obtain evidence, which they admit in their

1 June 2014 interrogatory responses, then Defendants should have put more effort into
2 developing alternative arguments.
3       Most importantly, all of this evidence has been in Defendants' possession this
4 entire time. The witnesses have been employed by LNC for years and hold senior
5 positions, making them the obvious choice to ask about certain types of evidence. For
6 example the hand written drawings produced on November 26 were found in the desk
7 of LNC's CEO. (Mot. 6.) The disclosed Google Images are publically available on
8 the internet and therefore could have been produced at any time during discovery. *Id*.
9 Further, the catalogue pages produced on December 19 were found in the garage of
10 LNC's president of international sales. *Id*. Defendants do not provide a reason for
11 why any of these documents could not have been obtained sooner.
12       Having found four of the five factors favoring exclusion, the Court finds that
13 Defendants late-disclosures were not substantially justified or harmless.

## V. CONCLUSION

15       For the reasons above, the Court **GRANTS** Plaintiff's Motion to Exclude Late-
16 Disclosed Witnesses and Evidence.

18       **IT IS SO ORDERED.**

20       February 24, 2015

                                              _____
                                                **OTIS D. WRIGHT, II**
                                       **UNITED STATES DISTRICT JUDGE**