O

# United States District Court
# Central District of California

| | |
|---|---|
| MUNCHKIN, INC., | Case No. 2:13-cv-07228-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER RULING ON MOTIONS** *IN* |
| LUV N' CARE, LTD.; ADMAR INTERNATIONAL, INC., | *LIMINE* **[118, 120, 121, 122, 123, 126]** |
| Defendants. | |

## I. BACKGROUND

Plaintiff Munchkin, Inc. initiated this infringement action against Defendants Luv N' Care, Ltd. and Admar International, Inc. (collectively, "LNC" or "Defendants") on September 30, 2013. (Compl., ECF No.1.) U.S. Patent No. 6,292,962 (the '962 Patent) is directed to an infant blanket with teether/pacifier attached at the corners. On February 24, 2015, the Court held a hearing on several motions *in limine*. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." *Goodman v. Las Vegas Metro. Police Dep't*,

963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. *See Jenkins v. Chrysler Motor Corp*., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.   DISCUSSION

**A.   Plaintiff's Motions *in Limine* [120, 121, 123]**

<u>1. To Exclude Expert Testimony and Reports by Edward Manzo [120]</u>

Plaintiff argues that Defendants' Expert, Edward Manzo's testimony on invalidity is improper under Fed. R. Evid. 702. Mr. Manzo is a patent attorney and does not have the requisite technical background or experience to have specialized knowledge on the issues of invalidity in this case. Because Mr. Manzo does not qualify as an expert under Rule 702, he cannot provide any testimony as to invalidity of the '962 Patent.

Mr. Manzo has an undergraduate degree in physics and no other technical experience in any field related to the '962 Patent. Plaintiff argues that a person of ordinary skill in the art would have an engineering degree in a field such as Mechanical, Chemical, or Materials Science Engineering and a minimum of three years of experience in the design and/or manufacture of consumer products or a minimum of ten years of active industrial experience in the design and/or manufacture of consumer products. Throughout discovery, Defendants did not take a position on the proper level of skill in the art. Regardless, Mr. Manzo does not possess any technical experience to qualify as an expert under Rule 702.

Defendants argue that Mr. Manzo is an expert on Patent Office procedures and therefore is qualified to testify as to what the Patent Office Examiner would have

found if certain prior art references were before him.  This type of testimony is just a circuitous way to allow Mr. Manzo to testify about invalidity without being qualified to do so.   Further, since Mr. Manzo does not have the requisite technical background, his testimony is purely irrelevant speculation.

Lastly, Mr. Manzo's Second Supplemental Report must be excluded because it was untimely disclosed.  The report was not served until January 14, 2015.  The initial expert disclosure deadline was October 6, 2014 and December 1, 2014 was the close of discovery.  Further, the Supplemental Report refers to late disclosed evidence of the Disney Babies Bibs and Clown Bibs.  This late-disclosed evidence was excluded by the Court in a separate Order.  (*See* ECF No. 148.)  Therefore, the Court **GRANTS** Plaintiff's Motion *in Limine* No. 1.  (ECF No. 120.)

2. To Exclude Evidence, Testimony, or Argument Regarding Laches [121]

Plaintiff argues that Defendants have no witnesses to testify on laches. Defendants' laches defense is not based on prior sales of the accused products in this case, but rather two different products previously sold by LNC, the Precious Moment Teething Blanket and Beatrix Potter Teething Blanket.  Therefore, in order to pursue the laches defense, Defendants must establish that those two products are "substantially similar" to the accused products in this case such that Defendants' activities are a continuous tort to which the defense of laches may be applied.

Defendants attempted to establish substantial similarity of the products through their expert, Mr. Manzo, but that testimony was struck as untimely disclosed in the Court's Order denying summary judgment.  (*See* ECF No. 89.)

Defendants argue that LNC's CEO, Mr. Hakim is familiar with the previously sold products as well as the accused products and therefore could speak to their similarities as a lay witness.  Mr. Hakim's testimony would not require any infringement analysis because Defendants have already stipulated that the accused products infringe the '962 Patent.  (*See* ECF No. 116.)  Because Mr. Hakim has factual knowledge of the products, he is allowed to testify about the products and how

similar they are to one another without providing expert testimony on the issue of infringement. Therefore, the Court **DENIES** Plaintiff's Motion *in Limine* No. 2. (ECF No. 121.)

3. To Exclude Evidence or Argument on Late-Disclosed Invalidity Theories or Prior Art References [123]

Plaintiff argues that Defendants should be bound by their March 24, 2014 Invalidity Contentions and should not be allowed to shift theories with new references that were untimely disclosed. On February 2, 2015, Defendants served Plaintiff with a Notice pursuant to 35 U.S.C. § 282 identifying over 40 prior art references Defendants either never previously disclosed or late-disclosed, including the Disney Babies Bibs and Clown Bibs.

Defendants argue they were just complying with § 282, which states that the party asserting invalidity must disclose information regarding any prior art references that they intend to rely upon for anticipation at least 30 days before trial.

Defendants' argument has no merit. First, § 282 only applies to anticipatory prior art, which Defendants never argue in their invalidity contentions or pretrial brief. Second, § 282 does not supersede the Federal Rules of Civil Procedure or the Patent Standing Order and Case Scheduling Order. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550–51 (Fed. Cir. 1998). Section 282 sets a *minimum* period for the identification of prior art to be introduced as evidence of anticipation. Therefore, the Court **GRANTS** Plaintiff's Motion *in Limine* No. 3. (ECF No. 123.)

**B. Defendants' Motions *in Limine* [118, 122, 126]**

1. To Exclude Evidence of Willful Infringement in the Context of Invalidity [118]

Defendants argue that evidence of willful infringement during their invalidity case is prejudicial. Defendants have requested bifurcation of the case to separate invalidity from damages.

In light of the Court's ruling above to exclude testimony from Defendants' Expert, Mr. Manzo, and the Courts Order excluding expert testimony by Mr. Hakim (ECF No. 147), Defendants no longer have an invalidity case to present. If the trial moves forward, the only issues will be willful infringement, laches, and damages. Bifurcation is no longer relevant. Therefore, Defendants' Motion *in Limine* No. 1 is **MOOT**. (ECF No. 118.)

2. To Exclude Any Evidence or Argument that Munckin Complied with the Patent Marking Requirement of 35 U.S.C. § 287(a) [122]

Relevant to damages, 35 USC § 287(a) requires a patentee to either: (1) mark substantially all of the patented goods sold by the patentee with the patent number or (2) provide an Infringement Notice to the accused party. Defendants argue that (1) Munchkin failed to plead compliance of 35 USC § 287(a); (2) Munckin's discovery responses admit the absences of adequate evidence regarding patent marking; and (3) Munchkin admits that any patent marking was on the packaging, rather than the product itself.

Defendants' own evidence to support their motion shows that Plaintiffs have evidence of marking. The deposition testimony of Steve Dunn describes Munchkin's marking procedures and Defendants' own exhibit shows that the products are capable of being marked on their tags and not just the packaging. Regardless, any deficiency in marking can be weighed by the jury to determine the appropriate damages amount. Lastly, Defendants' arguments regarding insufficient pleadings are irrelevant at this stage of the case. Therefore, the Court **DENIES** Defendants' Motion *in Limine* No. 2. (ECF No. 122.)

3. To Exclude the Expert Testimony of Daniel Wetzel at Trial [126]

Defendants argue that Plaintiff's damages expert, Mr. Wetzel's testimony is inadmissible for failure to properly apply the methodology for determining a reasonable royalty. Specifically, Mr. Wetzel admitted during his deposition that he

failed to place the parties' hypothetical royalty negotiation at either the date the patent was issued or when LNC first began selling the accused products.

Plaintiff argues that the dispute concerning timing is an issue for the jury, and any concerns can be addressed on cross-examination. The Court agrees. Further, Mr. Wetzel's report specifies that he accounted for the hypothetical-negotiation taking place between the parties at the time of infringement. Ultimately these issues go to the weight of the evidence and not admissibility. Therefore, the Court **DENIES** Defendants' Motion *in Limine* No. 3. (ECF No. 126.)

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the rulings set forth above. In light of these rulings and as expressed during the hearing, the Court orders the parties to conduct a settlement hearing before trial with either Magistrate Judge Rosenberg or another third party. The parties will notify the Court when a settlement hearing is scheduled as well as file a joint status of settlement describing the outcome of that hearing.

**IT IS SO ORDERED.**

February 26, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**