Amber Henry (State Bar No. 247624)
ahenry@lathropgage.com
Kathleen Cerniglia (State Bar No. 268019)
kcerniglia@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067                                    JS-6
Telephone: (310) 784-4600
Fax: (310) 784-4601

Petty Tsay Rader (State Bar No. 227563)
petty.rader@munchkin.com
MUNCHKIN, INC.
7835 Gloria Avenue
Van Nuys, CA 91406
Telephone: (818) 893-5000
Fax: (818) 893-6343

Attorneys for Plaintiff MUNCHKIN, INC.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LUV N' CARE, LTD., a Louisiana corporation, and ADMAR INTERNATIONAL, INC., a Delaware corporation. <br><br> Defendants. | Case No. 13-cv-7228-0DW-AGR <br><br> **CONSENT JUDGMENT** |

NOW ON THIS  22nd day of May 2015 the above-captioned and numbered cause comes before the Court. The Court, after being fully advised in the premises and after reviewing the court file, finds and orders as follows:

Defendants Luv 'N Care, Ltd., a Louisiana corporation and Admar International, Inc., a Delaware corporation (collectively, "LNC"), pursuant to a mutual Release and Settlement Agreement ("Agreement") agrees to entry of this Consent Judgment with respect to Plaintiff Munchkin, Inc.'s ("Munchkin") claims of patent infringement of U.S. Patent No. 6,292,962 (the '962 Patent) in this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants LNC, through the manufacture, use, sale, offer for sale, and importation of the accused products that are the subject of this action marketed as the Nuby Teething Blankie (Product Nos. 6568, 6568CS4-16, 95348, 95349CS8, 95353CS8, 95354CS8, and 95355) and products marketed as the Garanimals Teething Blanket (Product No. 8618CS4-16) (collectively the "LNC Teething Blankets"), has infringed the asserted claims 1, 4, 5 and 8 of the '962 Patent. For clarity's sake, the definition of LNC Teething Blankets only includes those items and product numbers specifically identified in this paragraph and does not include any future, different teething blankets LNC might manufacture and sell in the United States during the term of the '962 Patent.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants LNC, their officers, directors, employees and agents, all heirs, successors and assigns, and any company controlled by LNC or its officers or directors or employees, shall not after June 30, 2015, manufacture, use, sell, offer for sale, and/or import into the United States the LNC Teething Blankets. This injunction shall take effect July 1, 2015, and shall remain in force until the earlier of the expiration of the '962 Patent or a final unappealable adjudication that all claims of the '962 Patent are invalid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that from the execution date of the Agreement until June 30, 2015, Defendants LNC may import into the United States a maximum of 89,000 LNC Teething Blankets ("Imported LNC Teething Blankets"), and LNC may export after June 30, 2015, any of the Imported LNC Teething Blankets that it did not sell in the United States on or before June 30, 2015. To ensure that LNC will not dump excess inventory in the United States, LNC, from the execution date of this Agreement through June 30, 2015, may sell the LNC Teething Blankets in the United States only to the current retailers to whom it is selling the LNC Teething Blankets and at prices that are

1   discounted no more than 20 percent (20%) from ordinary prices that have been
2   charged to LNC's customers prior to the date of the Agreement. Any sale or offer of
3   sale of an LNC Teething Blanket made outside of the United States for retail
4   distribution in a country other than the United States that physically remains outside
5   of the United States shall not be considered to be a sale or offer for sale in the
6   United States. Nothing herein shall preclude LNC's employees, representatives,
7   agents and/or distributors located within the United States from participating in the
8   sale or offer to sell for exportation the LNC Teething Blankets remaining in
9   inventory in the United States after June 30, 2015 to customers located outside the
10  United States. Such activities shall not be considered a sale or offer for sale in the
11  United States. Nothing contained herein shall allow LNC to import LNC Teething
12  Blankets into the United States between June 30, 2015 and the expiration of the
13  `962 Patent for any purpose, including to be redistributed outside the United States.

14      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court
15  shall retain jurisdiction and venue over the parties solely with respect to any
16  disputes or controversies that may arise with regard to this Consent Judgment and
17  the Agreement so that any disputes or controversies that may arise with regard to
18  any of them shall be exclusively brought before this Court for resolution thereof.
19  Without limiting the generality of the foregoing, either party shall bring any action
20  to enforce or construe any provision of the Consent Judgment or the Agreement
21  solely by filing an action in this Court.

22      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms
23  of this Consent Judgment and the terms and stipulations of the Agreement are
24  binding on the parties in any future action and the parties are foreclosed, in any
25  such future action, from litigating any of such terms and stipulations. In any future
26  action in which LNC is accused of infringing the '962 Patent, should Munchkin
27  successfully seek a different definition of one or more of the claim terms defined in
28  this Action in the Court's September 12, 2014 Claim Construction Order (ECF No.

42), Munchkin may not rely on LNC's infringement stipulation in this Action (ECF No. 94), the resulting Order on Stipulation (ECF No. 116), this Agreement, the Consent Judgment and the Joint Stipulation as evidence in such future action. For clarity's sake, in any such future action of the nature described in this paragraph, Munchkin may seek to introduce the fact that LNC has previously been found to infringe the '962 Patent — subject to any LNC objections — but may not seek to introduce the fact that LNC stipulated to infringement.

NOW THEREFORE, this Court hereby enters FINAL JUDGMENT for Plaintiff Munchkin and against Defendant LNC on Plaintiff's Complaint, with each party to bear its own costs.

IT IS SO ORDERED:

DATED: May 22, 2015                    _____
                                        Otis D. Wright II
                                        United States District Judge

1   Approved as to form and content by:

2

3   DATED: _____, 2015          LATHROP & GAGE LLP
                                          R. CAMERON GARRISON (pro hac vice)
4

5                                         By:_____
6                                              R. Cameron Garrison

7                                         An Attorney for MUNCHKIN, INC.

8

9

10  DATED: _____, 2015          PAYNE & FEARS LLP
                                          DILWORTH IP
11                                        ROBERT M. WARD (pro hac vice)

12
                                          By:_____
13                                             Robert M. Ward

14
                                          An Attorney for LUV N'CARE, LTD.
15                                        and ADMAR INTERNATIONAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28